UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Nathaniel Clark<br>    *Plaintiff*<br><br>v.<br><br>Commr. of Revenue Services, Mark Boughton, John Biello and Louis Bucari, Jr.<br>    *Defendants* | Case No: 3:21-CV-1372 (SRU)<br><br>AMENDED COMPLAINT<br><br>13 February 2023 |

## **SECOND AMENDED COMPLAINT**

### Nature of Action

1. This is a 42 U.S. Code § 1983 federal civil rights case under the First and Fourteenth Amendments to the United State Constitution for the violation of Plaintiff's rights to Free Speech and Intimate Association. The Defendants maliciously and under the color of state law violated the Plaintiff's rights to Free Speech and Intimate Association, by firing Plaintiff's wife in retaliation for testimony Plaintiff gave before the Connecticut Judiciary Committee. They have further retaliated against the Plaintiff for filing this case.

### Parties

2. Plaintiff, Nathaniel Clark, of Glastonbury, CT, is husband of attorney Marilee Clark, formerly employed as Tax Legal Director of the Connecticut Department of Revenue Services (DRS).

3. Defendant, John Biello, of Watertown, CT (State of Conn. Register & Manual (Secretary of The State) (2020) pg 294), was Acting Commissioner for DRS for the relevant period.

1

4. Defendant, Louis Bucari Jr., of West Hartford, CT (State of Conn. Register & Manual (Secretary of The State) (2020) pg 294), was First Assistant Commissioner at DRS during the relevant period.

**Jurisdiction and Venue**

5. Plaintiff brings this action pursuant 42 U.S.C. § 1983 for violations of civil rights under the First and Fourteenth Amendments to the United States Constitution.

6. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(2), (3) because a substantial portions of the acts and omissions giving rise to the claims occurred in the state of Connecticut, and the Plaintiff and the Defendants lived in Connecticut for the period in question.

**Factual Allegations**

7. Nathaniel Clark has been married to Attorney Marilee Clark since 2006.

8. Attorney Clark was employed as Tax Legal Director for DRS on 21 Feb 2020, and had been doing her job with exemplary reviews for more than 5 years.

9. Nathaniel Clark is a Software Engineer, and has never been employed by the State of Connecticut.

10. Biello was appointed Deputy Commissioner, by outgoing Commissioner Scott Jackson, in a memorandum dated 16 Jan 2020, whereupon he would have sworn an oath of office, as required by the law (Conn. Const. Art. 11 §1, also Conn. Gen. Stat. §1-25).

2

11. Biello was Acting Commissioner of DRS from 17 Jan 2020, until 23 Feb 2021.

12. Bucari has been an attorney in the State of Connecticut since 1995; he is bound by The Attorney's Oath of Connecticut (Conn. Gen. Stat. §1-25), and the Oath before the bar.

13. Bucari had been First Assistant Commissioner since 9 May 2008.

14. Bucari was aware of Nathaniel & Marilee Clark's marital status during the time period relevant to this Complaint.

15. Biello was aware of Nathaniel & Marilee Clark's marital status during the time period relevant to this Complaint.

16. On 21 February 2020, Nathaniel Clark gave a public comment (both written and oral) with regards to Conn. House Bill 5050 (2020) before the Connecticut legislature's Judiciary Committee.

17. In these public comments Plaintiff excoriated the wasteful position of First Assistant Commissioner at DRS because its only statutory responsibility is to oversee a tax that had sunset 15 years prior.  The comments extensively addressed the bill before the committee and his views about what the bill should accomplish.

18. Biello and Bucari were present at the start of the Committee meeting and, upon information and belief, heard Plaintiff's public comments criticizing the continued existence of the position of DRS First Assistant Commissioner.

19. Defendants saw Nathaniel & Marilee Clark sitting together at the hearing.

20. Biello & Bucari sat together at the hearing and confured regularly.

21. Defendants saw a copy of Nathaniel Clark's written testimony, as filed with the Committee, while in the committee meeting room.

22. Bucari sent a copy of the Plaintiff's written testimony to Biello on 21 February 2020.

23. Defendants retaliated against Plaintiff based on the content of Plaintiff's negative public comments to the Connecticut Judiciary Committee.

24. Biello fired Attorney Clark.

25. Bucari aided Biello in firing Attorney Clark.

26. Bucari and Biello were motivated to terminate Attorney Clark's employment for the purpose of interfering in Plaintiff's intimate association rights and in retaliation for Plaintiff's Free Speech right to criticize DRS spending in a public forum.

27. Bucari acted maliciously and with intent to cause harm to Plaintiff by firing his wife, with the foreseeable and actual consequence of causing harm to him and his intimate association with his wife.

28. Biello acted maliciously and with intent to cause harm to Plaintiff by firing his wife, with the foreseeable and actual consequence of causing harm to him and his intimate association with his wife.

29. Defendants' termination of Attorney Clark was to retaliate against Plaintiff for the content of his speech and had the foreseeable and actual consequence of causing marital discord and harming Plaintiff's right to intimate association with his wife.

30. On 4 March 2020, Clark filed a Connecticut Freedom of Information Act request for communication between the Defendants (designated "FOI-2020-0202").

31. On 4 March 2020, Attorney Clark received notice of a pre-disciplinary Loudermill hearing.

32. The defendants maliciously and willfully intended to cause marital discord by causing stress to Attorney Clark.

33. Attorney Clark went out on medical leave, before the Loudermill hearing, which delayed the resolution of the firing process.

34. The stress from the firing and persecution by the Defendants caused a flare-up of Attorney Clark's medical condition, causing her to have two surgeries.

35. Each surgery caused a loss of consortium for the Plaintiff for several weeks.

36. On 14 Oct 2020, Attorney Clark was terminated from the employ of DRS, as the result of the process started with the Loudermill notice.

37. Biello has testified that he is responsible for the termination of Attorney Clark.

38. The State of Connecticut is of the position that Biello made the determination to fire Attorney Clark.

39. The State of Connecticut claims that Attorney Clark was fired for not notifying Biello of draft language of HB5050.  She was singled out for discipline over her alleged conduct, when no other employee, of which there were several, with the same knowledge was

5

disciplined in any way. Her firing was disproportionate and not reasonably justified given the facts surrounding her alleged actions.

40. During the process of firing Attorney Clark and her various appeals (Loudermill, Commission on Human Rights and Opportunities (CHRO), and Employee Review Board (ERB)), the Plaintiff's testimony was used as "evidence" against her.

41. The use of Plaintiff's testimony as evidence against Attorney Clark was a foreseeable and intended consequence of Defendants' actions in terminating Clark for the purpose of retaliating against Plaintiff for the content of his speech.

42. On 17 Mar 2021, for a hearing related to FOI-2020-0202, Biello swore an affidavit in which he admits that the Plaintiff's conduct resulted in Attorney Clark's dismissal (Doc 46-1, pg 3).

43. Clark made no further testimony or public comments to the Connecticut Legislature about HB5050 or its related issues, until the filing of this case.

44. Clark's speech was chilled by the malicious actions of Bucari and Biello because the foreseeable and actual consequences of that speech was significant interference with Plaintiff's financial security and right to intimate association with his wife.

**Further Retaliation after this Suit was filed**

45. During the ERB process, the State, in representing the interests of the Defendants, attempted to introduce Plaintiff's federal lawsuit (3:21-CV-1372 (SRU)) into evidence against Attorney Clark.

6

46. Biello further retaliated against Plaintiff for exercising his Free Speech rights by filing a grievance against Attorney Clark in February of 2022, within three months of being notified of this lawsuit.

47. The grievance concerned purported actions by Attorney Clark that occurred in Feb of 2020, a full two years prior.

48. Biello's grievance against Attorney Clark was dismissed in June of 2022 as baseless.

49. The grievance was clearly in retaliation for this lawsuit, because of the Plaintiff's original complaint's prayer for relief that requested the disbarment of Bucari.

50. Biello's grievance is temporally tied to the Plaintiff's case and was made in retaliation therefor.

**Counts against both Defendants**

1. Retaliation for exercising right to Free Speech, under 42 U.S.C. § 1983 and US Constitution - Amendment 1.

2. Conspiracy to deprive right to Free Speech, under 42 U.S.C. § 1983 and US Constitution - Amendment 1.

3. Interference with right of Intimate Association, under 42 U.S.C. § 1983 and US Constitution - Amendment 1 & 14.

4. Conspiracy to interfere with right to Intimate Association, under 42 U.S.C. § 1983 and US Constitution - Amendment 1 & 14.

**Injuries**

1. Loss of health care coverage.

2. Loss of spousal income.

3. Loss of spousal retirement income.

4. Out of pocket medical expenses.

5. Emotional distress, and mental anguish.

6. Loss of intimate association with Plaintiff's wife.

7. Intimidation for lawful speech to redress my grievances about state actions and a proposed law.

**Prayer for Relief**

Wherefore, Plaintiff requests that this Court:

1. Declare that Defendants violated Plaintiff's First and Fourteenth Amendment rights under the U.S. Constitution;

2. Declare that Defendant Biello violated his oath of office as Acting Commissioner of DRS;

3. Declare that Defendant Bucari violated his professional ethics as an Attorney and his Oaths;

4. Award compensatory and punitive damages to Plaintiff against the Defendants;

5. Award Plaintiff reasonable costs; and

8

6. Grant any other other relief this Court deems just and proper.

                        Plaintiff

By: */s/ Nathaniel Clark*
     Nathaniel Clark
     19 Country Club Rd
     South Glastonbury, CT 06073
     T: +1-860-430-9722
     E: nathaniel.clark@misrule.us

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading/document was electronically sent to those listed below on the following date.

DATE: 13 February 2023

Nancy A. Brouillet
Assistant Attorney General
165 Capitol Avenue, Suite 5000
Hartford, CT 06106

/s/ *Nathaniel Clark*

Nathaniel Clark