UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NATHANIEL CLARK,
    Plaintiff,

v.

MARK BOUGHTON, et al.,
    Defendants.

No. 3:21-cv-1372 (SRU)

**ORDER ON MOTION FOR SANCTIONS**

Nathaniel Clark ("Clark") has moved for sanctions against Mark Boughton and John Biello (collectively, "the defendants"). For the following reasons, I **deny** Clark's motion for sanctions, **doc. no. 134**.

## I.    Background

I assume the parties' familiarity with the underlying facts and procedural history. During oral argument on the defendants' motion for summary judgment, Clark raised issues related to records from the Commission on Human Rights and Opportunities ("CHRO"). Doc. No. 137 at 13:02-16:13. Clark objected to my use of any testimony from the CHRO proceedings involving Marilee Clark. *See id.* at 16:09-16:11; *see also* Doc. No. 134 at 2. Defense counsel responded at oral argument that information related to CHRO proceedings involving Marilee Clark were public records and were accessible to the plaintiff. *E.g., id.* at 14:02-14:05 ("That investigatory hearing which is recorded via Teams by the CHRO is a public record. Those public records which Mr. Clark knew about in October of 2021 are equally available to the plaintiff."); *see also id.* at 13:13-13:14, 14:23-15:01. Defense counsel also said that Clark had not requested transcripts of CHRO testimony during discovery. *Id.* at 14:14-14:15. Finally, defense counsel

claimed that the defendants neither possessed nor controlled transcripts or recordings of the CHRO testimony. *Id.* at 14:06-14:09, 14:22-14:23.

After oral argument, Clark alleges that he requested all documents related to Marilee Clark's CHRO proceedings. Doc. No. 134 at 1. CHRO informed Clark that the documents were not public and that he had no right to them pursuant to Conn. Gen. Stat. § 46a-83(j).[1] Doc. No. 134 at 4. In my written order granting the defendants' motion for summary judgment, I noted that the CHRO testimony was not before the Court and that "CHRO testimony, CHRO decision(s), and CHRO settlement(s) played no role in my consideration of" the summary judgment motion. Doc. No. 142 at 24.

## II.    Standard of Review

Federal Rule of Civil Procedure 26(a) provides that a party must disclose "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 37(c) provides the enforcement mechanism for Rule 26's disclosure requirements. *See Moore v. Sequeira*, 2024 WL 1013301, at *12 (D. Conn. Mar. 8, 2024). When "a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District

---

[1] State law imposes requirements for CHRO record disclosure:

> No commissioner or employee of the commission may disclose, except to the parties or their representatives, what has occurred in the course of the commission's processing of a complaint, provided the commission may publish the facts in the case and any complaint that has been dismissed and the terms of conciliation when a complaint has been adjusted. Each party and his or her representative shall have the right to inspect and copy documents, statements of witnesses and other evidence pertaining to the complaint, except as otherwise provided by federal law or the general statutes.

Conn. Gen. Stat. § 46a-83(j).

courts possess wide discretion to impose sanctions under Rule 37.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 294 (2d Cir. 2006).  Still, Rule 37 sanctions are "a harsh remedy to be used only in extreme situations."  *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).  In considering whether a party engaged in sanctionable action under Rule 37(c)(1), courts evaluate "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)) (cleaned up).

Rule 11(b) requires attorneys and unrepresented parties to "certif[y]," among other things, that "a pleading, written motion, or other paper['s] . . . factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ."  Fed. R. Civ. P. 11(b)(3).  If "the court determines Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ."  Fed. R. Civ. P. 11(c)(1).  "The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness."  *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003).  A court has the power to award sanctions "only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes."  *Jusino v. Barone*, 2023 WL 6379342, at *11 (D. Conn. Sept. 29, 2023) (citing *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)).

### III. Discussion

Clark essentially moves for sanctions on the basis that defense counsel misrepresented the CHRO testimony's availability as a public record and failed to disclose the CHRO testimony

3

to him during initial discovery disclosures.  *See generally* Doc. No. 134.  Clark does not cite a Federal Rule in his motion for sanctions.  *See id.*  Because Clark is a *pro se* litigant, I liberally construe his motion as invoking Federal Rules of Civil Procedure 11 and 37.  *See Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)) ("Because [the plaintiff] was pro se . . . [the Court] must interpret his papers liberally 'to raise the strongest arguments that they suggest.'").

    I turn first to Clark's motion for sanctions to the extent he moves under Rule 37.  To start, Clark should have met and conferred with the defendants before moving for Rule 37 sanctions.  *See* D. Conn. L. Civ. R. 37(a) ("No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. shall be filed unless counsel making the motion has conferred, in person or by telephone, with opposing counsel . . . .").  The defendants claim that Clark did not meet and confer with them prior to filing the motion.  Doc. No. 138 at 8.  Clark additionally failed to file "an affidavit certifying that he or she has conferred with counsel . . . in an effort in good faith to resolve . . . the issues raised by the motion," as is required by the Local Rules.  D. Conn. L. Civ. R. 37(a).

    During oral argument on the summary judgment motion, Clark asserted that the defendants should have disclosed any relevant CHRO testimony to him.

> I'd like to bring up the CHRO testimony that the defendants rely on. It was not provided during discovery. There is no reason that I should know that it exists because I was not part of the CHRO process and it's not a public process, as far as I'm aware. I did request it in Schedule A. If it pleases the Court, I can submit those as part of the subpoena.

Doc. No. 137 at 13:02-13:09.

    In Clark's Schedule A to Bucari and Biello's deposition notices, he did not request the CHRO testimony or any associated CHRO documents.  *See* Doc. No. 138-2 at 3; *see* Doc. No. 138-3 at 3.  Clark does not put forth evidence that he requested the CHRO transcripts or recordings during discovery.  In his motion for sanctions, Clark does not dispute the defendants'

4

assertion at oral argument that the CHRO transcripts were never under their custody or control. *See* Doc. No. 137 at 14:06-14:07. There is no indication that the defendants "fail[ed] to provide information" in violation of Rule 37(c)(1). *See El-Massri v. New Haven Correctional Ctr.*, 2021 WL 164909, at *4 (D. Conn. Jan. 18, 2021).

Clark similarly has not put forth evidence that the defendants violated Rule 26's witness disclosure requirements. But even if the defendants had improperly withheld witnesses, Clark would not have been prejudiced by that withholding. Biello and Bucari appear to have testified during Marilee Clark's CHRO proceedings. *See* Doc. No. 138-4 at 6-7. Clark deposed both Biello and Bucari. *See* Docs. No. 122-7–122-8. Other evidence shows that Clark had some knowledge of Marilee Clark's CHRO proceedings, including who testified at those proceedings. During Clark's deposition, defense counsel asked Clark whether he knew that Shawn Sims and Kristen Brierley testified before the CHRO. *See* Doc. No. 138-4 at 6. Regarding Mr. Sims, Clark answered, "I do recall that Mr. Sims testified for something. . . . for Attorney Clark." *Id.* Regarding Attorney Brierley, Clark answered, "I don't recall if I'm aware of [Brierley's] specific testimony." *Id.* Defense counsel then asked Clark about whether he knew that Biello and Bucari testified before the CHRO. *Id.* at 6-7. For both defendants, Clark answered that he did not know. *Id.* After defense counsel asked Clark about those four individuals during his deposition, Clark had the opportunity to investigate further and submit additional discovery requests or depose additional individuals.

Finally, other evidence suggests that Clark had some knowledge of the CHRO proceedings during the discovery period. Clark himself testified before the CHRO. Doc. No. 138-8 at 4-5. The defendants referenced the CHRO proceedings several times in their responses to Clark's requests for admissions. Doc. No. 138-5 at 5, 9; Doc. No. 138-6 at 7, 10, 15, 17-20.

Clark referenced the CHRO proceedings in his amended complaint, doc. no. 46 ¶ 31, and again in his second amended complaint. Doc. No. 68 ¶ 40.

Clark therefore has not shown that he was prejudiced by the defendants' assumption that Clark possessed the names of all "individual[s] likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). For that reason, Rule 37 sanctions are inappropriate.

To the extent Clark moves for sanctions under Federal Rule of Civil Procedure 11(c)[2] for an alleged misstatement of fact or law, I deny the motion. "[S]anctions may not be imposed unless a particular allegation [or statement] is utterly lacking in support." *Storey v. Cello Holdings, LLC*, 347 F.3d 370, 388 (2d Cir. 2005) (quoting *O'Brien v. Alexander*, 101 F.3d 1479, 1489 (2d Cir. 1996)). The objective falsity of a statement certainly has value in determining sanctionable behavior, but alone does not violate Rule 11. *See Kiobel v. Millson*, 592 F.3d 78, 83 (2d Cir. 2010) ("[E]ven if the statement was literally false . . . such an error does not violate Rule 11.").

Clark claims that defense counsel made an intentionally false statement when she "argued that the CHRO testimony was admissible because the Plaintiff could have requested it from the CHRO commission . . . and it was therefor[e] a public record." Doc. No. 134 at 1. At oral argument, defense counsel said, "[t]hat investigatory hearing which is recorded via Teams by the CHRO is a public record. Those public records which Mr. Clark knew about in October of 2021 are equally available to the plaintiff." Doc. No. 137 at 14:02-14:05. When Clark submitted a Freedom of Information Act request to the CHRO, his request was denied on the basis that Clark was "not a party nor a representative of either of the parties while these matters were pending

---

[2] Rule 37(c)(1) does not apply to a claimed misrepresentation. *See El-Massri*, 2021 WL 164909, at *4.

6

with the CHRO." Doc. No. 134 at 4. Because Clark could not access the CHRO testimony, he argues that defense counsel's "public record[]" statement at oral argument is a sanctionable "misrepresentation[] of the law." *Id.* at 2.

It appears from Connecticut General Statutes § 46a-83(j), and from the CHRO's denial letter,[3] that testimony from Marilee Clark's CHRO proceeding(s) are not "public records" in the sense that they are not available to the general public. The CHRO testimony is a "public record" in the sense that CHRO is a public agency with records. Defense counsel claims that she assumed the CHRO records were "available to" Clark because Clark referenced the CHRO proceedings in his amended complaint and second amended complaint. *See* Doc. No. 138 at 2-3; Doc. No. 46 ¶ 31; Doc. No. 68 ¶ 40. Defense counsel assumed that Clark possessed, or could possess, the CHRO factfinding recording and associated documents because Clark had a more intimate knowledge of the CHRO proceedings than a layperson. Doc. No. 138 at 6. Testimony from CHRO proceedings is only available to parties and their representatives, *see* Conn. Gen. Stat. § 46a-83(j), but Clark conceivably could access that information through his wife, Marilee Clark. Although defense counsel's assumption about the CHRO records' accessibility might have been incorrect at the time, Clark has not shown that defense counsel made the aforementioned statements in bad faith. *See Kiobel*, 592 F.3d at 83. Accordingly, Rule 11 sanctions are inappropriate.

## IV.    Conclusion

For the reasons set forth above, Clark's motion for sanctions, **doc. no. 134**, is **denied**.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of May 2025.

---

[3] Doc. No. 134 at 4.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge